IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH A. STONICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 05 C 1180 |
| ) | |
| CONTINENTAL CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was filed by Deborah A. Stonich against Continental Casualty Company (the Company). The parties agree that the proper defendant in this case is the CNA Medical Plan (the Plan), and it is ordered that the Plan be substituted for the Company as the sole defendant herein. This case arises from the decision of the Plan to deny benefits to Ms. Stonich for certain tests administered on dates when she was scheduled to undergo assisted reproduction procedures. Before the court are the cross-motions of the parties for summary judgment.

Summary judgment is appropriate where the record shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp*, 165 F.3d 1087, 1090 (7th Cir. 1999); Fed. R. Civ. P. 56(c). I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

The Company is an Illinois corporation with its principal place of business in Illinois. It makes the Plan available to its employees. The Plan Administrator is CNA Financial Corporation (CNA Financial). Claims administrators have been delegated authority on behalf of the Plan to decide appeals from denials of benefits. The Plan is governed by the terms of ERISA, 29 U.S.C. § 1001, *et seq.*

Ms. Stonich was a participant in the Plan. Beginning in late 2002, she underwent a series of assisted reproduction procedures at the Hinsdale Center for Reproduction (the Hinsdale Center). Each procedure was preceded by an ultrasound "to verify the size and number of follicles." The Plan explicitly excludes coverage for "assisted reproductive drugs, techniques or procedures" except for "expenses incurred to diagnose infertility." The first level appeal claims administrator who denied Ms. Stonich's claims reviewed the claims and found that ultrasounds administered on certain dates were performed to determine whether in-vitro ferilization (IVF) or intra-uterine insemination (IUI) might be performed on those dates, and therefore fell within the exclusion. The second level reviewer for the Plan also denied the claimed benefits (totaling $480.00) for the same reason. The basis for the determination, stated in the letters sent to Ms. Stonich, was that

the ultrasounds performed on dates IVF or IUI procedures were scheduled were in connection with the procedures and were done to determine whether the procedures should be performed.

Ms. Stonich, an attorney by training and licensed to practice in Illinois, works for the Company as a claim consultant in its Environmental and Mass Tort Claim Department. She makes a number of legal arguments as to: 1) the standard of review; 2) whether she had adequate notice of the exclusion; 3) the possibility of a conflict of interest on the part of the administrators; and 4) whether the Plan can fairly be interpreted to exclude fertility tests on the date an assisted fertility procedure is scheduled given the facts that the procedures code entered on the medical claim form refers to the ultrasounds as "diagnostic" and that the Plan authorizes payment for diagnostic procedures of the same type on dates when no IVF or IUI procedure is scheduled. I reject her arguments on standard of review, notice, conflict of interest, and interpretation. The broad discretion vested in the claims administrators pursuant to the Plan makes the "arbitrary and capricious" standard of review mandatory. *Vallone v. CNA Financial Corp.*, 375 F.3d 623, 631 (7th Cir. 2004). I must be deferential to the decision of the administrators. *Id.* at 629.

Under the arbitrary and capricious standard, the administrator's decision will only be overturned when it is "unreasonable, and not merely incorrect." *Jacobs v. Xerox Corp.*

3

*Long Term Disability Plan*, 356 F. Supp. 2d 877, 885 (N.D. Ill. 2005). In reviewing that decision, I must consider "whether the plan administrator (1) considered the factors relevant to the decision, and (2) articulated an explanation that makes a 'rational connection' between the issue, the evidence, the text, and the decision made." *Id.* at 888.

Here, the determinations at both levels of the review process satisfy the articulated explanation required under the second prong of the test stated in *Jacobs, supra*. Ms. Stonich complains that the Company uses a bright line test in covering ultrasounds done on other days but excluding those done on the date on which an assisted reproductive technique is performed. But the distinction is a rational one and one the Company, in its discretion in interpreting the Plan document, was entitled to make. Accordingly, I grant the Company's motion for summary judgment and deny Ms. Stonich's motion for summary judgment.

**ENTER ORDER:**

*/s/ Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

DATED: March 20, 2006

4